WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dushan Stephan Nickolich II, | No.  CV 13-1188-PHX-SMM |
| Plaintiff, | |
| vs. | **O R D E R** |
| Arizona Community Protection and Treatment Center, et al., | |
| Defendants. | |

Plaintiff Dushan Stephan Nickolich, who is currently held in the Arizona Community Protection and Treatment Center (ACPTC), a unit of the Arizona State Hospital (ASH), in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983[1] and paid the filing and administrative fees.[2]  (Doc. 1, 6.)  Plaintiff has

_____

[1] Plaintiff asserts that he brings this case under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).  A *Bivens* action may only be brought against persons acting under color of federal law.  In this case, Plaintiff seeks relief against persons, or entities, acting under color of state law.  Therefore, the case is properly treated as arising under 42 U.S.C. § 1983.

[2] This action was opened as a "prisoner" civil rights case and referred to the Court's staff for review pursuant to LRCiv. 72.1(b).  A "prisoner" is statutorily defined as "any person incarcerated or detained in any facility who is accused of, convicted of,

filed two motions inquiring about the status of this case, which will be granted to the extent set forth herein. (Doc. 5, 14.) Defendants have filed a motion to dismiss, or alternatively, to stay this case pending Plaintiff's state court special action, which is fully briefed. (Doc. 10.)[3] The Court will grant Defendants' motion to dismiss the Complaint for failure to state a claim, but will grant Plaintiff leave to file a first amended complaint in which he attempts to cure the deficiencies in his Complaint.

## I.    Pleading Standard

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

---

sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). That is, a "prisoner" is a person who is "currently detained as a result of accusation, conviction, or sentence for a *criminal* offense." *Agyeman v. INS*, 296 F.3d 871, 885, 886 (9th Cir. 2002) (citing *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000)).

[3]  Plaintiff contends that he is not a prisoner seeking relief under 42 U.S.C. § 1983. Defendants correctly argue that § 1983 is not limited to cases filed by prisoners. Because Plaintiff asserts a violation of his federal constitutional rights in his Complaint, the case is properly construed as being brought under § 1983 regardless of Plaintiff's non-prisoner status.

assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Defendants' motion to dismiss the Complaint for failure to state a claim will be granted, but Plaintiff will be granted leave to file a first amended complaint in which he attempts to cure the deficiencies of his Complaint.

## II.   Complaint

Plaintiff alleges four counts for relief for violation of his First, Fifth, Eighth, and Fourteenth Amendment rights and state law violations. Plaintiff sues ACPTC; ASH; Corey Nelson, acting Deputy Director of the Arizona Department of Human Services; Dr. Gary Perrin, Psychology Administrator at ASH; Bruce McMorran, Director of ACPTC; Dr. Bradley Johnson, an ACPTC psychiatrist; and Erick D. Pearson, an ACPTC therapist. Plaintiff seeks compensatory and punitive relief.

### *Background*

Plaintiff was convicted of sexual assault in Maricopa County Superior Court, case# CR1993-09121, and served a sentence in the custody of the Arizona Department of Corrections (ADC) from January 1996 until September 2009.[4] Plaintiff was subsequently civilly committed as a sexually violent predator (SVP) under Arizona Revised Statute (ARS) § 36-3701. Under Arizona law, conviction of sexual assault is a sexually violent

---

[4]   *See* http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?Inmate Number=088080&LastName=NICKOLICH&FNMI=D&SearchType=SearchInet (last viewed Feb. 21, 2013).

offense under ARS § 36-3701(6) for which someone can be civilly committed.   ARS § 36-3704.   Arizona's SVP statute provides that a "court or jury shall determine beyond a reasonable doubt" if the person named in a petition for civil commitment "is a sexually violent person."  ARS § 36-3707(A).   Thereafter:

> If the court or jury determines that the person is a sexually violent person, the court shall either:
> 1. Commit the person to the custody of the department of health services for placement in a licensed facility under the supervision of the superintendent of the Arizona state hospital and shall receive care, supervision or treatment until the person's mental disorder has so changed that the person would not be a threat to public safety if the person was conditionally released to a less restrictive alternative or was unconditionally discharged.
> 2. Order that the person be released to a less restrictive alternative if the conditions under §§ 36-3710 and 36-3711 are met.

ARS § 36-3707(B).

Plaintiff alleges the following facts in his Complaint: "Defendants" attempted to have Plaintiff's probation revoked in emails exchanged with Plaintiff's adult probation officer (APO), Brian Bednar.   On July 28, 2011, Plaintiff was arrested on a probation violation warrant.   At a hearing on August 4, 2011 in Maricopa County Superior Court, the prosecutor stated that "they will not take Plaintiff [sic] back.   They do not want Plaintiff [sic] back."  (Doc. 1 at 2.)   On September 22, 2011, the violation charges were dismissed and Plaintiff was "returned" to Defendants' custody at ACPTC.[5]

_____

[5]  Plaintiff, through counsel, filed a special action, case# LC2013-000291, in Maricopa County Superior Court, shortly before Plaintiff filed this case *pro se*, in which he alleged that he remained at ACPTC throughout the revocation proceedings.  (Doc. 1, Ex. 1.)  In the special action, a status hearing was held on July 11, 2014, 2014.  *See* http://www.courtminutes.maricopa.gov/docs/Lower%20Court/072014/m6394646.pdf (last visited Aug. 27, 2014).  At the hearing, the court set deadlines for expert discovery and continued the dispositive motion deadlines until December 18, 2014.  *Id.*  In addition to the special action, on April 14, 2014, Plaintiff filed a civil complaint through counsel in Maricopa County Superior Court, case# CV2014-006863.  *See* http://www.superior court.maricopa.gov/doc ket/CivilCourtCases/caseInfo.asp?caseNumber=CV2014-006863 (last visited Aug. 27, 2014).  On July 23, 2014, the docket notes an intent to dismiss.  *Id.*  On June 5, 2014, Plaintiff filed another case through counsel, CV2014-007334 with a motion for injunctive relief.  *See* http://www.superiorcourt.maricopa.gov/docket/Civil

1    Plaintiff contends that the ACPTC treatment program is the same for all of its
2  residents and is "willfully inadequate, overly generalized," and lacks clear direction in
3  attaining goals. (*Id.* at 3.)  He contends that Defendants have breached their duty under
4  state law by failing to provide him individualized treatment necessary to eventually be
5  released from civil commitment.  He contends that Defendants' failure to provide him
6  individualized treatment renders his commitment punitive rather than therapeutic.

7    Plaintiff has previously filed a case in federal court concerning the alleged failure
8  of entities and persons to provide him an individualized treatment plan and asserted that
9  the failure to do so resulted in indefinite and perpetual civil commitment.  *See Nickolich*
10 *v. ACPTC*, No. CV12-2312-PHX-SMM, doc. 6.  In the complaint in that case, Plaintiff
11 alleged that: on August 4, 2011, the ACPTC, through counsel, stated that "'. . . the State
12 Hospital does not want him back'" and that "'. . . the State Hospital will not take him
13 back.'"  (*Id.,* doc. 1 at 3.)  The Arizona Attorney General's Office, on behalf of ACPTC,
14 asked to meet with Plaintiff to discuss future treatment.  Plaintiff met with ACPTC and
15 the Attorney General's representatives on August 1, 2012, but no treatment plan was
16 presented.  On August 8, 2012, ACPTC generated an appointment schedule, which it
17 designated a treatment plan.   On September 28, 2012, the ACPTC clinical team
18 ostensibly "granted," or agreed to prepare, an individualized treatment plan, but no
19 treatment plan was actually provided.  Plaintiff was designated as "non-status."  (*Id.*)
20 Plaintiff contended that ACPTC had a legal duty under the Constitution and other federal
21 law to provide him individualized treatment.  He claimed that rather than provide him an
22 individualized treatment plan, ACPTC was merely civilly incarcerating and warehousing
23 him in violation of due process and equal protection and after he had already served his
24 criminal sentence.  He asserted that indefinite civil commitment constituted duplicative
25 punishment in violation of the Fifth Amendment Double Jeopardy Clause.  Because
26
27 ───────────────────────────
   CourtCases/caseInfo.asp?caseNumber=CV2014-007334 (last visited Aug. 27, 2014).  On
28 June 13, 2014, the courtgranted defendants' motion to dismiss the complaint and denied
   the motion for injunctive relief "under the current complaint."   *See* http://www.court
   minutes.maricopa.gov/docs/ Civil/062014/m6362928.pdf (last visited Aug. 27, 2013).

1  Plaintiff filed that action *in forma pauperis*, the Court screened the complaint under 28
2  U.S.C. §1915(e)(2) and dismissed the complaint for failure to state a claim with leave to
3  amend.  The Court subsequently dismissed Plaintiff's first amended complaint for failure
4  to state a claim and dismissed the action.

5       In this case, as discussed above, Plaintiff has paid the filing fee and he is not a
6  prisoner within the meaning of the PLRA.  Defendants have moved for dismissal of the
7  Complaint for failure to state a claim or for a stay under *Younger*.  The Court will grant
8  Defendants' motion to dismiss the Complaint for failure to state a claim, but will grant
9  Plaintiff leave to file a first amended complaint.

10  **III.    Failure to State a Claim**

11       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
12  conduct about which he complains was committed by a person acting under the color of
13  state law and (2) the conduct deprived him of a federal constitutional or statutory right.
14  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must
15  allege that he suffered a specific injury as a result of the conduct of a particular defendant
16  and he must allege an affirmative link between the injury and the conduct of that
17  defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

18      **A.    ACPTC and ASH**

19       Plaintiff names ACPTC and ASH as Defendants, but neither is a proper defendant
20  under § 1983.  Under the Eleventh Amendment to the Constitution of the United States,
21  neither a state nor a state agency may be sued in federal court without its consent.
22  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880
23  F.2d 1040, 1045 (9th Cir. 1989).  Further, claims under § 1983 are directed at "persons."
24  A detention facility is not a "person" amenable to suit under § 1983.  *See Allison v.*
25  *California Adult Auth.*, 419 F.2d 822, 823 (9th Cir.1969) (finding that California Adult
26  Authority and San Quentin Prison not "person[s]" subject to suit under § 1983); *Jones v.*
27  *Lynchburg Adult Detention Ctr.*, No. 7:10-cv-0009, 2010 WL 227831 at *1 (W.D. Va.
28  Jan. 19, 2010) (detention center is not a person); *Brooks v. Pembroke City Jail*, 722

F.Supp. 1294, 1301 (E.D.N.C. 1989)).  Similarly, a state hospital or health agency is not a "person" for purposes of § 1983.  *See O'Haire v. Napa State Hosp.*, No. C07-0002-RMW (PR), 2009 WL 2447752 at *1 (N.D. Cal. Aug. 7, 2009).  Neither the State of Arizona nor any State agency is a "person" within the meaning of § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency).  Accordingly, ACPTC and ASH will be dismissed as Defendants.

**B.   Individual Defendants**

Plaintiff also sues Nelson, Perrin, Johnson, McMorran, and Pearson.  While these persons may be sued, Plaintiff fails to state a claim against any of them.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor*, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

Plaintiff fails to allege specific facts to support that any individual Defendant directly violated his constitutional rights.  He also fails to allege facts to support that any individual Defendant promulgated, endorsed, or enforced a policy, practice, or custom resulting in a violation of Plaintiff's constitutional rights.  Plaintiff thus fails to state a claim against any individual Defendant and they will be dismissed.

/     /     /

C.      **Double Jeopardy**

Plaintiff asserts that he is and has been denied an individualized treatment plan resulting in indefinite civil commitment in violation of various federal constitutional rights.  He in part contends that such confinement violates the Fifth Amendment's Double Jeopardy Clause.

In *Kansas v. Hendricks*, 521 U.S. 346 (1997), the United States Supreme Court rejected Hendricks' contention that the Kansas SVP Act violated Double Jeopardy.  The Court determined that the Kansas SVP Act did not violate double jeopardy because it did not establish criminal proceedings and involuntary confinement under the Act was not punitive; rather, the Act created a civil commitment procedure and permitted release upon a showing that the confined person was no longer a danger to others.  521 U.S. at 361-65.  It further noted that commitment under the Kansas Act was only *potentially* indefinite and that if the State sought to continue detention beyond a year, a court had to once again determine beyond a reasonable doubt that continued detention was appropriate under the same standard as the initial detention.  *Id.* at 364.  The Court rejected Hendricks' contention that the Act's alleged failure to offer "legitimate treatment" rendered confinement under the Act little more than disguised punishment. *Id.* at 365.  It determined that under appropriate circumstances, and accompanied by proper procedures, commitment was a legitimate end of the civil law.  *Id.* at 365-66.  The Supreme Court further stated that while it had upheld state civil commitment statutes that aimed to both incapacitate and treat, the Supreme Court had

> never held that the Constitution prevents a State from civilly detaining those for whom no treatment is available, but who nevertheless pose a danger to others.  A State could hardly be seen as furthering a "punitive" purpose by involuntarily confining persons afflicted with an untreatable, highly contagious disease.  *Accord, Compagnie Francaise de Navigation a Vapeur v. Louisiana Bd. of Health*, 186 U.S. 380, 22 S.Ct. 811, 46 L.Ed. 1209 (1902) (permitting involuntary quarantine of persons suffering from communicable diseases).  Similarly, it would be of little value to require treatment as a precondition for civil confinement of the dangerously insane when no acceptable treatment existed.  To conclude otherwise would

obligate a State to release certain confined individuals who were both mentally ill and dangerous simply because they could not be successfully treated for their afflictions. *Cf. Greenwood v. United States*, 350 U.S. 366, 375, 76 S.Ct. 410, 415, 100 L.Ed. 412 (1956) ("The fact that at present there may be little likelihood of recovery does not defeat federal power to make this initial commitment of the petitioner"); *O'Connor v. Donaldson*, 422 U.S. 563, 584, 95 S.Ct. 2486, 2498, 45 L.Ed.2d 396 (1975) (Burger, C.J., concurring) ("[I]t remains a stubborn fact that there are many forms of mental illness which are not understood, some which are untreatable in the sense that no effective therapy has yet been discovered for them, and that rates of 'cure' are generally low").

*Id.* at 366. It noted that even if treatment was ancillary to the purpose of the Kansas SVP Act, the Act required that care and treatment be provided to SVPs, not punishment. *Id.* at 367. The Supreme Court held that the Kansas SVP Act did not, therefore, violate double jeopardy.

Arizona's SVP Act provides in relevant part as follows:

> A person who is committed . . . pursuant to this article shall *receive care, supervision or treatment*. The superintendent of the state hospital shall keep records detailing all medical, expert and professional care and treatment that a committed person receives and shall keep copies of all reports of periodic examinations that are made pursuant to this article. These records and reports shall be made available on request only to any of the following:
> 1. The committed person.
> 2. The committed person's attorney.
> 3. The county attorney or the attorney general.
> 4. The court.
> 5. On proper showing, an expert or professional person who demonstrates a need for access to the records or reports.
> 6. Any mental health professional directly responsible or associated with the mental health professional who is directly responsible for the care, control, assessment or treatment of the committed person.

ARS § 36-3712(B) (emphasis added). Further, Arizona's SVP Act provides for procedural protections analogous to those under the Kansas Act at issue in *Hendricks*. Indeed, in *Martin v. Reinstein*, 987 P.2d 779, 786 (Ariz. Ct. App. 1999), the Arizona

Court of Appeals stated that Arizona's SVP Act "was patterned after statutes in other jurisdictions, many of which had been reviewed by their respective state appellate courts and found to be constitutional," and found Arizona's SVP Act similar to the Kansas SVP Act found constitutional by the United States Supreme Court.  *Id.* at 787 (citing *Hendricks*, 521 U.S. 346 (1997)).  The Arizona Court of Appeals concluded that Arizona's SVP Act, like that at issue in *Hendricks*, was civil in nature and that confinement under Arizona's SVP Act "is for treatment and protection of the public, not punishment.  *Id.* at 793.  The court observed that while detention under Arizona's SVP Act was of uncertain length, the Act was not retributive and did not contain a scienter element, unlike to find criminal culpability.  *Id.* at 792.  Further, the court noted that the Act's purposes were non-punitive by protecting the public from SVPs and treating those persons so that they may return to society.  *Id.*  The court concluded that the Act was not excessive in relation to its non-punitive purposes where some treatment is contemplated, as was the case in *Hendricks*, and where Arizona's Act provided for alternatives less restrictive than full custodial detention.  *Id.* at 792-93.

Arizona's SVP Act is analogous to the act at issue in *Hendricks*, which the Supreme Court held did not violate double jeopardy.  Further, Arizona's SVP Act has been held by the state appellate court as civil, rather than criminal, in nature.  Plaintiff has not alleged facts to support that his current civil commitment has been rendered punitive by the alleged failure to provide individualized treatment.  Nor does Plaintiff allege that he has been denied care, supervision or treatment.  Accordingly, Plaintiff fails to state a claim for violation of double jeopardy under the Fifth Amendment and that claim will be dismissed.

### D.   Failure to Provide Treatment

Plaintiff otherwise asserts that his Fourteenth Amendment due process and equal protection rights have been violated by the denial of individualized treatment and that his civil commitment violates the Eighth Amendment.

/     /     /

1        **1.     Due Process**

2        Persons civilly committed as SVPs have a due process right to some treatment, but

3   what that treatment entails must be decided by mental health professionals.   *Lane v.*

4   *Williams*, 689 F.3d 879, 882 (7th Cir. 2012) (citing *Youngberg v. Romeo*, 457 U.S. 307,

5   319-22 (1982), and *Allison v. Snyder*, 332 F.3d 1076, 1081 (7th Cir. 2003)); *Deavers v.*

6   *Santiago*, 243 Fed. Appx. 719, 722 (3d Cir. 2007); *see Turay v. Selling*, 108 F. Supp.2d

7   1148, 1151 (W.D. Wash. 2000) (citing *Youngberg*, 457 U.S. at 319-22 (1982)); *cf.*

8   *Strutten v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (SVP did not have a fundamental

9   due process right to sex offender treatment).   However, the state "enjoy[s] wide latitude

10  in developing treatment regimens" for sexual offenders.   *Hendricks*, 521 U.S. at 368 n.4.

11  "Liability [on a claim for constitutional deprivation] may be imposed only when the

12  decision by the professional is such a substantial departure from accepted professional

13  judgment, practice, or standards as to demonstrate that the person responsible actually did

14  not base the decision on such a judgment."  *Youngsberg*, 457 U.S. at 323; *Lane*, 689 F.3d

15  at 882; *Deavers*, 243 Fed. Appx. at 722.  But, as stated in *Turay*, "[t]he *Hendricks* Court

16  rejected a facial challenge to a Kansas statute modeled on Washington's, noting that by

17  committing sex offenders 'to an institution expressly designed to provide psychiatric care

18  and treatment' the state 'has doubtless satisfied its obligation to provide available

19  treatment."  108 F.Supp.2d at 1151 (quoting *Hendricks*, 521 U.S. at 368 n.4).

20        Plaintiff is currently confined in a mental health facility, ACPTC.  While Plaintiff

21  alleges that he has been denied individualized treatment, he does not allege that he has

22  been denied care, supervision, or treatment generally.  Plaintiff also does not allege that

23  he is entitled to individualized treatment under state law such that the failure of the state

24  to provide individualized treatment violates his federal due process rights.  Finally, as

25  discussed above, Plaintiff fails to connect any failure to provide individualized treatment

26  to any properly named Defendant.  For all of these reasons, Plaintiff fails to state a claim

27  for violation of due process and that claim will be dismissed.

28  /     /     /

1

2.      **Equal Protection**

2      Plaintiff also asserts that the failure to provide individualized treatment violates

3    equal protection.  The Equal Protection Clause of the Fourteenth Amendment provides

4    that a state may not "deny to any person within its jurisdiction the equal protection of the

5    laws," which is essentially a direction that all persons similarly situated should be treated

6    alike.  U.S. Const., amend. XIV; *see City of Cleburne v. Cleburne Living Ctr., Inc.*, 473

7    U.S. 432, 439 (1985).  A state practice that interferes with a fundamental right or that

8    discriminates against a suspect class of individuals is subject to strict scrutiny.

9    *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976); *City of Cleburne*, 473

10   U.S. at 441.  Absent allegations that he is a member of a suspect class, or that a

11   fundamental right has been violated, a plaintiff must allege facts to support that he has

12   been intentionally treated differently from others who are similarly situated without a

13   reasonable basis therefor.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564

14   (2000).  Conclusory allegations do not suffice.  *See Village of Arlington Heights v.*

15   *Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

16      Plaintiff does not allege that he is a member of a protected class or the violation of

17   a fundamental right; convicted sex offenders do not constitute a suspect class.  *See e.g.,*

18   *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012).  Nor does Plaintiff

19   allege that he has been treated differently than similarly situated persons, absent a

20   reasonable basis therefor.  Rather, Plaintiff only makes vague and conclusory allegations.

21   As discussed above, that is not sufficient to state an equal protection claim.  Further, as

22   discussed above, Plaintiff fails to allege facts to connect any asserted violation to any

23   properly named Defendant.  For these reasons, Plaintiff fails to state an equal protection

24   claim.  Accordingly, that claim will be dismissed.

25      3.      **Eighth Amendment**

26      Plaintiff also asserts that his civil commitment absent individualized treatment

27   violates his Eighth Amendment rights.  Not every claim by a prisoner relating to

28   inadequate medical (or mental health) treatment states a violation of the Eighth or

- 12 -

Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

1  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of
2  "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

3      Plaintiff fails to allege facts to support that he has a serious medical need,
4  including the symptoms and duration of such medical need.  Plaintiff also has not alleged
5  facts to support that any properly-named Defendant, or anyone else, knew or should have
6  known of such need but nevertheless failed to provide or obtain treatment for that need.
7  Rather, Plaintiff appears merely to disagree with the treatment provided.  That absent
8  more, does not support that anyone acted with deliberate indifference to a serious medical
9  need.  Accordingly, Plaintiff fails to state a claim under the Eighth Amendment.

10      **E.      First Amendment**

11      In Claim IV, Plaintiff asserts that Defendants knowingly or willingly denied him
12  access to the "facilities grievance process" as retaliation for exercising constitutionally
13  protected rights.  A viable claim of First Amendment retaliation contains five basic
14  elements: (1) an assertion that a state actor took some adverse action against an inmate
15  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
16  inmate's exercise of his First Amendment rights (or that the inmate suffered more than
17  minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes*
18  *v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d
19  265, 267 (9th Cir. 1997) (retaliation claims requires a showing (1) that an official acted in
20  retaliation for the exercise of a constitutionally protected right, and (2) that the action
21  advanced no legitimate institutional interest).   The plaintiff has the burden of
22  demonstrating that his exercise of his First Amendment rights was a substantial or
23  motivating factor behind the defendants' conduct.  *Mt. Healthy City School Dist. Bd. of*
24  *Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d
25  1310, 1314 (9th Cir. 1989).

26      Plaintiff fails to describe the facility's grievance process or to allege when, where,
27  how, and by whom he was denied access to the facility's grievance process.  Plaintiff also
28  fails to allege facts to support that any act by a Defendant was taken in retaliation for the

1   exercise of Plaintiff's constitutional rights.  He fails to allege when, where, and how he

2   engaged in constitutionally protected conduct or facts to support when, where, how, and

3   by whom he was subject to retaliation.  Accordingly, Plaintiff fails to state a claim and

4   these allegations will be dismissed.

5   **IV.   State Law Claims**

6          Plaintiff also alleges violations of the Arizona Constitution and other state law.

7   Where a federal court has original jurisdiction over an action, such as a case asserting

8   constitutional violations pursuant to 42 U.S.C. § 1983, the doctrine of pendent

9   jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction

10  over closely related state law claims.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th

11  Cir. 2004) (citing 28 U.S.C. § 1367(a)).  As discussed herein, Defendants' motion to

12  dismiss will be granted based on Plaintiff's failure to state a federal claim against any

13  Defendant under § 1983.  Because Plaintiff fails to state a *federal* claim in his Complaint,

14  the Court declines to exercise jurisdiction over his state law claims in the Complaint and

15  will dismiss those claims without prejudice.  28 U.S.C. § 1367(c).

16  **V.   Leave to Amend**

17         For the foregoing reasons, the Court will grant Defendants' motion to dismiss the

18  Complaint for failure to state a claim.  However, the Court will grant Plaintiff leave to

19  amend because it is not clear that Plaintiff could not amend to state a claim.  *See Lacey v.*

20  *Maricopa County,* 693 F.3d 896, 927 (9th Cir.2012) (en banc) (citing *Doe v. United*

21  *States,* 58 F.3d 494, 497 (9th Cir.1995)).  Within 30 days, Plaintiff may file a first

22  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

23  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff

24  fails to use the court-approved form, the Court may strike the amended complaint and

25  dismiss this action without further notice to Plaintiff.

26         Plaintiff must clearly designate on the face of the document that it is the "First

27  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

28  entirety on the court-approved form and may not incorporate any part of the original

Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey*, 693 F.3d at 928.

## VI.   Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.   Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.   Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants' motion to dismiss the Complaint for failure to state a claim is **granted** and the Complaint is **dismissed**.  (Doc. 1, 10.)

(2)    Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1    (3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2    Court must, without further notice, enter a judgment of dismissal of this action with

3    prejudice.

4    (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

5    civil rights complaint by a prisoner.

6    (5)    Plaintiff's motions for status are **granted** to the extent set forth herein.

7    (Doc. 5, 14.)

8    DATED  this 3rd day of September, 2014.

9

10

11                                                            Stephen M. McNamee

12                                                    Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix &amp; Prescott Divisions:</td><td><b>OR</b></td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:

Name:  _____
Address:_____

Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)      Plaintiff,         )
                                                 )
                        vs.                      )   **CASE NO.** _____
                                                 )          (To be supplied by the Clerk)
(1) _____ ,         )
(Full Name of Defendant)                         )
(2) _____ ,         )
                                                 )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,         )   **BY A PRISONER**
                                                 )
(4) _____ ,         )   ☐ Original Complaint
                        Defendant(s).            )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/9/07                              1                              **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?       ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.    Did you submit a request for administrative relief on Count III?    ☐ Yes  ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6