WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dushan Stephan Nickolich II,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Community Protection and Treatment Center, et al.,<br><br>Defendants. | No.  CV 13-1188-PHX-SMM<br><br>**O R D E R** |

Plaintiff Dushan Stephan Nickolich, who is currently held in the Arizona Community Protection and Treatment Center ("ACPTC"), a unit of the Arizona State Hospital (ASH), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing and administrative fees.  On December 10, 2013, Defendants filed a Motion to Dismiss.  In a September 5, 2014 Order, the Court granted Defendants' Motion to Dismiss, but gave Plaintiff leave to file a First Amended Complaint to cure the deficiencies identified in the September 5 Order.

On September 8, 2014, Plaintiff filed a Motion for Status (Doc. 17).  On September 16, 2014, Plaintiff filed a First Amended Complaint (Doc. 18).  Defendants

**TERMPSREF**

1  filed an October 16, 2014 Motion to Dismiss (Doc. 19), to which Plaintiff responded on
2  October 16, 2014 (Doc. 20).  On December 9, 2014, Plaintiff filed a second Motion for
3  Status (Doc. 21).

4        The Court will grant Plaintiff's Motions for Status to the extent this Order informs
5  Plaintiff of the status of this case.  The Court will also grant the Motion to Dismiss and
6  dismiss the First Amended Complaint and this action.

7  **I.    Pleading Standard**

8        A pleading must contain a "short and plain statement of the claim *showing* that the
9  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
10 does not demand detailed factual allegations, "it demands more than an unadorned, the-
11 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
12 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice."  *Id.*

14       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
15 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
16 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
17 content that allows the court to draw the reasonable inference that the defendant is liable
18 for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
19 claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
20 on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
21 specific factual allegations may be consistent with a constitutional claim, a court must
22 assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
23 at 681.

24       But as the United States Court of Appeals for the Ninth Circuit has instructed,
25 courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
26 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
27 stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
28 *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

In his four-count First Amended Complaint, Plaintiff names ACPTC Director Bruce McMorran and ACPTC Therapist Erick D. Pearson as Defendants.

Plaintiff was convicted of sexual assault in Maricopa County Superior Court, case# CR1993-09121, and was confined in the Arizona Department of Corrections from January 1996 until September 2009.[1]  Plaintiff was subsequently civilly committed as a sexually violent predator (SVP) under Arizona Revised Statute (ARS) § 36-3701.

Plaintiff alleges Defendants attempted to have his probation revoked in emails exchanged with Plaintiff's adult probation officer, Brian Bednar.  On July 28, 2011, Plaintiff was arrested on a probation violation warrant.  At a hearing on August 4, 2011, in Maricopa County Superior Court, the prosecutor stated that "they will not take Plaintiff [sic] back.  They do not want Plaintiff [sic] back."  (Doc. 18 at 2.)  On September 22, 2011, the violation charges were dismissed and Plaintiff was "returned" to Defendants' custody at ACPTC.

Plaintiff claims that the ACPTC treatment program is the same for all of its residents and is "willfully inadequate, overly generalized," and lacks clear direction in attaining goals.  He alleges that Defendants have breached their duty under state law by failing to provide him individualized treatment necessary to eventually be released from civil commitment and that the failure to provide him individualized treatment renders his commitment punitive rather than therapeutic.

In **Count One**, Plaintiff claims Defendants have violated his Fifth and Fourteenth Amendment due process rights and his rights under the Arizona State Constitution.  He alleges that he has a documented Traumatic Brain Injury and that "ACPTC has failed to treat his brain injury and/or provide a treatment plan addressing and overcoming this specific barrier in order to effect psychosexual treatment, tipping the balance from 'civil

---

[1]     *See* http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?Inmate_Number=088080&LastName=NICKOLICH&FNMI=D&SearchType=SearchInet (last viewed Jan. 8, 2015).

TERMPSREF

- 3 -

treatment' to the punitive sting of incarceration."

In **Count Two**, Plaintiff claims his Eighth and Fourteenth Amendment rights, and rights under the Arizona State Constitution, are violated by Defendants' failure to implement a treatment plan that "identifies specific goals and step-by-step methods for achieving goals, and a means of measuring success."

In **Count Three**, Plaintiff claims his Fifth and Fourteenth Amendment equal protection rights and right to be free from double jeopardy are violated by Defendants' "failure and/or refusal to provide Plaintiff with the opportunity to obtain adequate and effective treatment."

In **Count Four**, Plaintiff alleges his First, Fifth, Eighth, and Fourteenth Amendment rights were violated when Defendant McMorran denied Plaintiff access to the grievance process by telling Plaintiff "I am asking you to convey this and any other similar issues which do not require immediate attention to the ACPTC through its counsel, by your counsel in the special action." Plaintiff claims Defendant McMorran denied him access to the grievance process "as retaliation in anticipation of an impending legal action."

Plaintiff seeks money damages.

**III.   Motion to Dismiss**

In their Motion to Dismiss, Defendants argue dismissal of this action is appropriate because Plaintiff failed to cure the deficiencies identified in the September 5 Order. Plaintiff's response re-iterates the arguments in the First Amended Complaint. The Court will grant the Motion to Dismiss because, as discussed below, Plaintiff has failed to state a claim in his First Amended Complaint.

**IV.   Failure to State a Claim**

    **A.   Count One**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362,

371-72, 377 (1976). In Count One, Plaintiff claims ACPTC has failed to treat his brain injury. The Court dismissed Defendant ACPTC in its September 5 Order and Plaintiff did not re-name the ACPTC as a Defendant in the First Amended Complaint. Plaintiff makes no other allegations regarding which of the individually named Defendants is responsible for failing to treat his brain injury. Accordingly, Plaintiff has failed to state a claim in Count One.

### B.     Count Two

In Count Two, Plaintiff claims Defendants' failure to implement a treatment plan that "identifies specific goals of step-by-step methods for achieving goals, and a means of measuring success" violates his Eighth and Fourteenth Amendment rights.

Not every claim by a prisoner relating to inadequate medical (or mental health) treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with

medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Persons civilly committed as SVPs have a due process right to some treatment, but what that treatment entails is a decision for mental health professionals. *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012) (citing *Youngberg v. Romeo*, 457 U.S. 307, 319-22 (1982), and *Allison v. Snyder*, 332 F.3d 1076, 1081 (7th Cir. 2003)); *cf. Strutten v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012) (SVP did not have a fundamental due process right to sex offender treatment). The state "enjoy[s] wide latitude in developing treatment regimens" for sexual offenders. *Kansas v. Hendricks*, 521 U.S. 346, 368 n.4 (1997). "Liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngsberg*, 457 U.S. at 323; *Lane*, 689 F.3d at 882; *Deavers v. Santiago*, 243 Fed. Appx. 719, 722 (3d Cir. 2007).

While Plaintiff alleges that he has been denied individualized treatment, he does not allege that he has been denied care, supervision, or treatment generally. Plaintiff also

1  does not allege that he is entitled to individualized treatment under state law such that the
2  failure of the state to provide individualized treatment violates his federal due process
3  rights.
4      Moreover, Plaintiff's allegations do not demonstrate that Defendants were
5  deliberately indifferent to a serious medical need; Plaintiff's facts suggest, at best, that he
6  disagrees with the treatment he is provided.  A difference of opinion as to appropriate
7  care or treatment is not sufficient state an Eighth or Fourteenth Amendment medical
8  claim.  Finally, as discussed above, Plaintiff fails to connect any failure to provide
9  individualized treatment to a specific Defendant.  Accordingly, Plaintiff has failed to state
10 a claim in Count Two.

    **C.    Count Three**

12     Plaintiff claims in Count Three that Defendants' failure to provide adequate
13 treatment violates his equal protection rights and right to be free from double jeopardy.

    **1.    Equal Protection**

15     The Equal Protection Clause of the Fourteenth Amendment provides that a state
16 may not "deny to any person within its jurisdiction the equal protection of the laws,"
17 which is essentially a direction that all persons similarly situated should be treated alike.
18 U.S. Const., amend. XIV; *see City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S.
19 432, 439 (1985).  A state practice that interferes with a fundamental right or that
20 discriminates against a suspect class of individuals is subject to strict scrutiny.
21 *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976); *City of Cleburne*, 473
22 U.S. at 441.  Absent allegations that he is a member of a suspect class, or that a
23 fundamental right has been violated, a plaintiff must allege facts to support that he has
24 been intentionally treated differently from others who are similarly situated without a
25 reasonable basis therefor.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564
26 (2000).  Conclusory allegations do not suffice.  *See Village of Arlington Heights v.*
27 *Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).
28 . . . .

TERMPSREF

Plaintiff does not allege that he is a member of a protected class or the violation of a fundamental right; convicted sex offenders do not constitute a suspect class. *See United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012). Nor does Plaintiff allege that he has been treated differently than similarly situated persons, without a rational basis. Plaintiff therefore fails to state an equal protection claim.

### 2. **Double Jeopardy**

Plaintiff contends that the denial of an individualized treatment plan resulting in indefinite civil commitment in violation of various federal constitutional rights. He in part contends that such confinement violates the Fifth Amendment's Double Jeopardy Clause.

In *Kansas v. Hendricks*, 521 U.S. 346 (1997), the United States Supreme Court determined the Kansas SVP Act did not violate double jeopardy because it did not establish criminal proceedings and involuntary confinement under the Act was not punitive; rather, the Act created a civil commitment procedure and permitted release upon a showing that the confined person was no longer a danger to others. 521 U.S. at 361-65. It further noted that commitment under the Kansas Act was only *potentially* indefinite and that if the State sought to continue detention beyond a year, a court had to once again determine beyond a reasonable doubt that continued detention was appropriate under the same standard as the initial detention. *Id.* at 364. The Court rejected the contention that the Act's alleged failure to offer "legitimate treatment" rendered confinement under the Act little more than disguised punishment. *Id.* at 365. It determined that under appropriate circumstances, and accompanied by proper procedures, commitment was a legitimate end of the civil law. *Id.* at 365-66. It noted that even if treatment was ancillary to the purpose of the Kansas SVP Act, the Act required that care and treatment be provided to SVPs, not punishment. *Id.* at 367. The Supreme Court held that the Kansas SVP Act did not, therefore, violate double jeopardy.

As the Court discussed the September 5 Order, Arizona's SVP Act provides for procedural protections analogous to those under the Kansas Act at issue in *Hendricks*.

1  Further, Arizona's SVP Act has been held by the state appellate court as civil, rather than
2  criminal, in nature.  *Martin v. Reinstein*, 987 P.2d 779, 793 (Ariz. Ct. App. 1999).
3  Plaintiff has not alleged facts to support that his current civil commitment has been
4  rendered punitive by the alleged failure to provide individualized treatment.  Nor does
5  Plaintiff allege that he has been denied care, supervision or treatment.  Accordingly,
6  Plaintiff fails to state a claim for violation of double jeopardy under the Fifth Amendment
7  and that claim will be dismissed.

   **D.     Count IV**

   In Count IV, Plaintiff asserts that Defendant McMorran knowingly or willingly denied him access to the grievance procedure as retaliation for exercising constitutionally protected rights.  A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires a showing (1) that an official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action advanced no legitimate institutional interest).  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

   Plaintiff states that Defendant McMorran asked Plaintiff to convey any issues that did not require immediate attention to the ACPTC's counsel, through Plaintiff's counsel.  Plaintiff's facts do not demonstrate that Plaintiff was denied a means to make complaints or otherwise air his grievances, but only that he was asked to make those complaints through counsel.  Plaintiff does not describe what issue he attempted to grieve, nor does

he allege what injury he suffered, if any, as a result of being required to submit complaints via counsel rather than through the standard grievance procedure. Accordingly, Plaintiff has failed to state a claim in Count IV.

### E.  State Law Claims

Plaintiff also alleges violations of the Arizona Constitution and other state law. Because the Court will dismiss Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over his state law claims. *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) (When federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice.).

## V.  Dismissal Without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will grant Defendants' Motion to Dismiss and dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's September 8, 2014 and December 9, 2014 Motions for Status (Docs. 17 and 21) are **granted** to the extent this Order informs Plaintiff of the status of this case.

. . . .

1    (2)     Defendants' October 8, 2014 Motion to Dismiss (Doc. 19) is **granted;** the
2  First Amended Complaint (Doc. 18) and this action are **dismissed** for failure to state a
3  claim and the Clerk of Court must enter judgment accordingly.
4    DATED this 12th day of January, 2015.

_____
Stephen M. McNamee
Senior United States District Judge

**TERMPSREF**